1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9   BRUCE BIRCH,                          )
                                          )
10              Plaintiff,                )          3:08-cv-00402-LRH-VPC
                                          )
11  vs.                                   )
                                          )          <u>ORDER</u>
12  REID THOMAS, *et al.*,                )
                                          )
13              Defendants.               )
    _____/
14
15          Plaintiff, an inmate at Washoe Detention Facility, has submitted a *pro se* civil rights
16  complaint and motion to proceed *in forma pauperis*.
17  **I.      Application to Proceed In Forma Pauperis**
18          Based on the information regarding Plaintiff's financial status in the application to proceed *in*
19  *forma pauperis*, the court will grant Plaintiff leave to proceed *in forma pauperis,* but will require
20  Plaintiff to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.  The grant of *in*
21  *forma pauperis* status adjusts the amount of the filing fee that Plaintiff must *prepay* -- Plaintiff will
22  be required to prepay an initial installment of **$14.87**, instead of having to prepay the full $350 filing
23  fee for this action.  The entire $350 filing fee will, however, remain due from Plaintiff, and the
24  institution where Plaintiff is incarcerated will collect money toward the payment of the full filing fee
25  when Plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915.  The
26  entire $350 filing fee will remain due and payable, and will be collected from Plaintiff's institutional
27  account regardless of the outcome of this action.
28  ///

1    **II.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

2          The court must screen Plaintiff's complaint pursuant to 28 U.S.C. §1915A.  Federal courts

3    must conduct a preliminary screening in any case in which a prisoner seeks redress from a

4    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its

5    review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

6    malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

7    defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings,

8    however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

9    1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11   alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,*

12   487 U.S. 42, 48 (1988).

13         In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation

14   Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is

15   untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be

16   granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

17   § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted

18   is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard

19   under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

20         Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

21   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

22   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

23   that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

24   making this determination, the court takes as true all allegations of material fact stated in the

25   complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

26   *Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

27   stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

28                                         2

1 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

2    All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

3 prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

4 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

5 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

6 factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

7 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

8    **II.    Screening of Complaint**

9    Plaintiff lodged his complaint in this action with the court on July 24, 2008 (Docket # 1 -2) .

10 This court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A.  Plaintiff

11 brings action against the following individuals: 1) Gary Rhodes;  2) Reid Thomas; 3)  Scott Smith;

12 4) Troy Shipley;  and 5)  Dave Frankel.   Plaintiff alleges generally that all of the Defendants

13 perpetrated a series of events against Plaintiff at Ely State Prison, violating Plaintiff's rights under

14 the first, eighth, and fourteenth amendments to the United States Constitution.  Plaintiff sues each

15 Defendant in their individual capacity and seeks injunctive and monetary relief.

16    In count 1, Plaintiff states first that counts 1 through 3 are to be amended once this court

17 enters an order for law library access.  As set forth below, this court will deny Plaintiff's motion for

18 an injunction regarding law library access (Docket # 5).  Plaintiff does not make any substantive

19 legal claim in count 1.

20    In count 2, Plaintiff claims that his right to due process has been violated and that his claim is

21 to be amended.  Plaintiff states his claim as follows:

22          I was arrested by R.P.D. on a grand larceny charge, pending records to give
           names, dates, specifics.  Charge was dismissed due to lack of R.P.D. to read
23          Miranda warnings.
           pending order ordering discovery records, and law library process.  It is
24          essential as this plaintiff has little or no knowledge of the law.

25 Plaintiff provides no further factual explanation or legal theory.

26    In count three, Plaintiff claims that his right to freedom of speech has been violated and that

27 his claim is to be amended.  Plaintiff states his claim as follows:

28
                                          3

1
2
3

> Freedom to practice my religion as Christian identify by Chaplin Penny Kach.  To date 7-20-08 pending law library access to amend: it is essential to correctly bring forth in the complaint as the plaintiff has little or nor knowledge of the law.

4   Plaintiff provides no further factual explanation or legal theory.

5        The court finds, after reviewing Plaintiff's complaint, that he fails to provide facts

6   to support a civil rights claim under any legal theory.  The court concludes that the complaint is so

7   without substance that no basis for amendment exists.  The court will therefore dismiss this

8   complaint without prejudice to Plaintiff's right to file a new civil rights action should he discover

9   facts which would support such an action.

10   **III.    Motion for Injunctive Relief**

11        In his motion for injunctive relief (Docket # 5), Plaintiff states that he seeks an injunction

12   against "W.C.S.O." for "process to the courts."  Plaintiff alleges that he is unable to get "copy work,"

13   that prison authorities do not honor a system for prisoners to call their attorneys, that he is denied

14   access to supplies such as erasers and paper, and that the grievance policy is a "total failure."

15   Plaintiff asks that his rights to access to the courts be recognized.  He further makes several specific

16   requests, including ordering the jail to "look over" their grievance policy, honor legal call requests,

17   provide legal supplies, and order the law library to set up a Lexis account and to provide Plaintiff

18   with half hour sessions twice a week.

19        The legal principles applicable to a request for preliminary injunctive relief are well

20   established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits

21   and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits

22   and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune, Inc. v.

23   Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer,

24   Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United

25   States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding

26   scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d

27   at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a

28

4

1   significant threat of irreparable injury." Id.  In the absence of a significant showing of irreparability,

2   the court need not reach the issue of likelihood of success on the merits.  Id.

3       A prisoner alleging a violation of his right of access to the courts must have suffered "actual

4   injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to

5   direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of

6   confinement.  *Id.* at 354-55.  "An inmate cannot establish relevant actual injury simply by

7   establishing that his prison's law library or legal assistance program is sub-par in some theoretical

8   sense." *Id.* at 351.  Rather, the inmate "must go one step further and demonstrate that the library or

9   legal assistance program hindered his efforts to pursue a legal claim." Id.  The actual-injury

10  requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been

11  frustrated or was being impeded." *Id.* at 353.  In *Lewis v. Casey*, the Supreme Court defined

12  prisoners' right of access to the courts as simply the "right to bring to court a grievance."

13      The court finds that in the present case, Plaintiff has not made the required showing of actual

14  injury.  That is, Plaintiff has not demonstrated that the alleged deficiencies of which he complains

15  have impeded any nonfrivolous claim.  As set forth above, Plaintiff has not demonstrated that he has

16  such a claim.  Accordingly, the court finds that Plaintiff has not carried his burden of demonstrating

17  the existence of a significant threat of irreparable injury.  Plaintiff's request for injunctive relief will

18  thus be denied.

19  **IV.   Conclusion**

20      **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis*

21  (Docket #1) is **GRANTED**.  Plaintiff  will be permitted to proceed in this action without prepayment

22  of the full filing fee.  However, Plaintiff must pay an initial installment of the filing fee in the

23  amount of **$14.87**.  Plaintiff will not be required to pay fees or costs, other than the filing fee, or give

24  security therefor.  This Order granting *in forma pauperis* status shall not extend to the issuance and

25  service of subpoenas at government expense.

26      **IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from the date of entry of this

27  Order to have the initial installment of the filing fee, in the amount stated above, sent to the Clerk in

28

5

the manner described below

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** Plaintiff two copies of this Order. Plaintiff must make the necessary arrangements to have one copy of this Order, attached to a check in the amount of the initial installment of the filing fee, sent to the Court, by sending a copy of the Order with a "brass slip" to Inmate Services for issuance of the check.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Washoe County Detention Facility shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the plaintiff's account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of the Accounting Clerk, Washoe County Detention Facility, 911 Parr Blvd., Reno, NV 89511.  The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, for his reference in the event plaintiff is transferred to the custody of the Nevada Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk is directed to **FILE** the complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (Docket # 5) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a cognizable claim for violation of Plaintiff's civil rights.  Because the deficiencies of the complaint cannot be cured through amendment, the dismissal is without leave to amend.  *See* 28 U.S.C. § 1915A(b)(1)(2); 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that although this action is dismissed, the full filing fee is still due, pursuant to 28 U.S.C. §1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 24th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT  JUDGE