# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE BIRCH, ) | |
|     Plaintiff, ) | 3:08-cv-00402-LRH-VPC |
| vs. ) | |
| ) | ORDER |
| REID THOMAS, *et al.*, ) | |
|     Defendants. ) | |

    Plaintiff, an inmate at Washoe County Detention Facility, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. Section 1983. On February 24, 2009, the court entered an order granting plaintiff's application to proceed *in forma pauperis*. (Docket #9.) In addition, the court dismissed this action without leave to amend for failure to state a cognizable claim. (*Id.*) The court specifically held that the filing fee remained due despite the dismissal of the action. (*Id.*) Pending before the court is plaintiff's motion for reconsideration filed March 30, 2009. (Docket #13.)

    The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings. FRCP 81(a)(2). FRCP 60(b) governs the reconsideration of final orders. That rule permits the Court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b). Motions to reconsider are committed

to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

The court has carefully reviewed plaintiff's motion for reconsideration. Plaintiff argues in part that in light of the dismissal of this action, it was malicious for the court to grant plaintiff *in forma pauperis* status in this action, specifically obligating him to pay the entire filing fee. Plaintiff is mistaken. The court granted plaintiff's motion to proceed *in forma pauperis* and dismissed the case in accordance with 28 U.S.C. § 1915, the controlling statutory authority. That statute provides in part that "[n]ot withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . (ii) fails to state a claim on which relief may be granted." The court having found no basis for reconsideration of its prior order, plaintiff's motion for reconsideration (Docket #13) is **HEREBY DENIED**.

Dated this 17th day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE